FILED
Jan 31, 2019
8:40 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Katlyn N. McLaurin | ) Docket No. 2017-03-1133 |
| | ) |
| v. | ) State File No. 69883-2017 |
| | ) |
| AT&T Services, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Lisa A. Lowe, Judge | ) |

---

### Affirmed and Remanded—Filed January 31, 2019

In this second interlocutory appeal, the employer challenges the trial court's denial of its request to compel the employee to submit to a second independent medical examination by a physician of the employer's choosing. The trial court concluded the employer's request was unreasonable and premature and denied the employer's motion. The employer has appealed. Finding no abuse of discretion, we affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, AT&T Services, LLC

Timothy Roberto, Knoxville, Tennessee, for the employee-appellee, Katlyn N. McLaurin

### Factual and Procedural Background

Katlyn McLaurin ("Employee") alleged suffering mental injuries as a result of being confronted on September 8, 2017, by an armed resident of a house to which she had been dispatched by AT&T Services, LLC ("Employer"), for an installation job. Employer initially denied the claim but later entered into an agreed order to provide reasonable and necessary medical treatment. As a result of a prior expedited hearing and interlocutory appeal, Employer was also required to provide past and ongoing temporary disability benefits. *See McLaurin v. AT&T Services, LLC*, No. 2017-06-1133, 2018 TN Wrk. Comp. App. Bd. LEXIS 24 (Tenn. Workers' Comp. App. Bd. May 29, 2018).

1

Subsequently, Dr. John Robertson, Employee's authorized physician, placed Employee at maximum medical improvement on August 24, 2018, and assigned a 20% permanent partial impairment rating. Employer requested, and Employee agreed to attend, an examination with a physician of Employer's choice. As a result, Employee was evaluated by Dr. Michael Fisher on October 25, 2018.

Dr. Fisher stated that in his "professional opinion there is no question that her present injury is greater than 50% related to the alleged work event." He credited Employee's assertion that her condition had improved and recommended she be re-evaluated in six months to determine whether she had reached maximum medical improvement and, if so, the extent of her impairment. Dr. Fisher noted he was "willing to see her again, but I will be retiring and hope to be closing my practice by April 1. Because of this, if I were to see her, it would need to be before April 1, 2019."

Within days of Dr. Fisher's evaluation, Employer filed a motion to compel Employee to undergo a second evaluation by a different physician of its choosing, asserting such a request was reasonable because Dr. Fisher would be unavailable after April 1, 2019, and that a third opinion "would be necessary and helpful to the court." Employee disagreed, arguing Employer was seeking another opinion because it was displeased with Dr. Fisher's opinion. The trial court denied Employer's motion, finding "[Employer's] request for an IME with a second physician unreasonable and premature at this time." Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision regarding whether to grant or deny a request for a medical examination pursuant to Tennessee Code Annotated section 50-6-204(d)(1) is abuse of discretion. *Perry v. Gap, Inc.*, No. M2004-02525-WC-R3-CV, 2006 Tenn. LEXIS 448, at *7 (Tenn. Workers' Comp. Panel May 31, 2006). This standard prohibits an appellate court from substituting its judgment for that of the trial court, and the appellate court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (alteration in original) (quoting *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008)). The abuse of discretion standard of review does not immunize a lower court's decision from meaningful appellate scrutiny, however, as discretionary decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

**Analysis**

**A.**

As an initial matter, we note that Employer cites Tennessee Code Annotated section 50-6-217(a)(3) (repealed 2017) in support of its position on appeal. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in the light of the entire record." However, as we have noted on numerous occasions, this code section was repealed effective May 9, 2017, and is no longer applicable.[1]

**B.**

Turning to the merits of this appeal, Employer argues that because the doctor it chose to perform the first evaluation will retire shortly before Employee's recommended six-month follow-up, it is reasonable to compel Employee to undergo another examination performed by a different physician now. Thus, according to Employer, the trial court erred in (1) "refusing to allow Employer to obtain an independent medical evaluation (IME) regarding diagnosis, degree of impairment, and causation when the only impairment rating that has been provided is from the authorized treating physician"; and (2) "finding that Employer's request for an IME was not reasonable at this time." We conclude the trial court did not abuse its discretion in either respect.

With regard to Employer's first argument, Employer appears to be overlooking a crucial point: it *was* allowed to obtain an independent medical evaluation. That is precisely what Dr. Fisher provided. While Employer may have been dissatisfied with Dr.

---

[1] *See Travis v. Carter Express, Inc.*, No. 2018-03-0237, 2018 TN Wrk. Comp. App. Bd. LEXIS 67, at *6 n.1 (Tenn. Workers' Comp. App. Bd. Dec. 21, 2018); *Miller v. Logan's Roadhouse, Inc.*, No. 2018-06-0225, 2018 TN Wrk. Comp. App. Bd. LEXIS 59, at *7 (Tenn. Workers' Comp. App. Bd. Nov. 15, 2018); *Bullard v. Facilities Performance Grp.*, No. 2017-08-1053, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2018); *Ledford v. Mid Georgia Courier, Inc.*, No. 2017-01-0740, 2018 TN Wrk. Comp. App. Bd. LEXIS 28, at *4 (Tenn. Workers' Comp. App. Bd. June 4, 2018); *Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN Wrk. Comp. App. Bd. LEXIS 25, at *8-9 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die, Inc.*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transportation*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

Fisher's opinion, Employer was not prevented from obtaining such an opinion. What Employer seeks here, and what it essentially argues the law protects, is a third opinion. Employer relies on Tennessee Code Annotated section 50-6-204(d)(1) (2018), which states that the "injured employee must submit to examination by the employer's physician at all reasonable times if requested to do so by the employer." As we have pointed out before, the "rule has developed that 'physical examinations requested pursuant to Tennessee Code Annotated section 50-6-204(d)(1) generally should be granted.'" *King v. Big Binder Express, LLC*, No. 2016-07-0378, 2016 TN Wrk. Comp. App. Bd. LEXIS 92, at *9 (Tenn. Workers' Comp. App. Bd. Dec. 7, 2016) (quoting *Perry*, 2006 Tenn. LEXIS 448, at *7). However, we have also observed that "an employer's right to an examination of an employee pursuant to section 50-6-204(d)(1) by a physician of the employer's choosing is not without limits." *Id.*

In order to compel an employee to submit to an examination by a physician of the employer's choice, "the employer's request [must] be made at a 'reasonable time[]' and 'be reasonable, as a whole, in light of the surrounding circumstances.'" *Id.* at *11 (citation omitted). Moreover, "[r]easonableness in 'each case must be determined upon all the particular facts of that particular case.'" *Id.* "The statute does not require repeated examinations be conducted because the employer is displeased with the results." *Cross v. Norrod Builders, Inc.*, No. M2005-00743-WC-R3-CV, 2006 Tenn. LEXIS 855, at *9 (Tenn. Workers' Comp. Panel Apr. 11, 2006); *see also Perry*, 2006 Tenn. LEXIS 448 (affirming the trial court's conclusion that, where the employee had been seen by one of the employer's physicians, she was not required to see another).

In this case, the trial court concluded Employer's request was unreasonable, and we find no abuse of discretion in that finding. Employer, after learning Employee had been placed at maximum medical improvement with an impairment rating, requested an examination by a physician of its choice. Employee agreed, and she was seen by Dr. Fisher. Employer, upon receiving that physician's report, then sought to obtain another opinion, which the trial court found was unreasonable.

Employer argues that, because Dr. Fisher is planning to retire, it is necessary for another physician to examine Employee since Dr. Fisher will be unavailable for Employee's follow-up appointment. However, Dr. Fisher did not state he would be unavailable. Rather, he stated that if he was going to see her, it would need to be before he retired. While that date is approximately one month sooner than the recommended follow-up date, Dr. Fisher indicated his willingness to see Employee again. And while Dr. Fisher indicated his intent to retire, he may decide to continue practicing, a point not lost on the trial judge who noted Employer's request was premature. Moreover, Employer has reasonable opportunities to depose Dr. Fisher or obtain his expert opinions in another admissible form, and there is no indication in this record it cannot do so either before or after his planned retirement date.

Given the circumstances presented, we cannot conclude the trial court abused its discretion. Employer has not established that its desire for a successive opinion is reasonable at this time. After six months have elapsed, if Employee cannot see Dr. Fisher and does not wish to attend an examination with another physician, Employer may ask the trial court to revisit the issue.

## Conclusion

For the foregoing reasons, we hold that the trial court did not abuse its discretion in denying Employer's request for another opinion. Accordingly, the trial court's decision is affirmed, and the case is remanded.